No. 05-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 141N

FIRST SECURITY BANK OF BOZEMAN,

Plaintiff and Respondent,

v.

SARAH E. HUFFINE  and ELDON HUFFINE,

Defendants and Appellants.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 99B433
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Eldon Huffine, *pro se*, Bozeman, Montana

For Respondent:

Calvin L. Braaksma; Landoe, Brown, Planalp, Braaksma &
Reida, Bozeman, Montana

Submitted on Briefs:  June 1, 2006

Decided:  June 27, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Eldon Huffine (Eldon), appearing *pro se*, appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, denying his motion for an explanation. In its order, the District Court reasoned the motion was not proper because the court is not required to give "explanations." The court also ordered that Eldon shall not file documents or otherwise practice law on behalf of his mother Sarah Huffine unless he first shows he is a licensed attorney, reasoning that his purported power of attorney did not authorize him to practice law.

¶3 On appeal, Eldon contends his constitutional and statutory rights were violated when certain documents were not filed due to his failure to pay filing fees. He also argues that an officer of the court is obligated to explain why he has acted in violation of his oath of office. In addition, Eldon has filed an untimely notice of constitutional challenge to § 25-1-201, MCA—which concerns district court filing fees—and contends the Montana Constitution does not require that his challenge be timely. Eldon also asserts District Judge Thomas Olson, who entered judgment in this case in 2000, was permanently disqualified from presiding over any case involving Eldon—based on documents Eldon apparently executed in

2

1993 and 1994 attempting to disqualify Judge Olson and six other district judges. He also posits that this Court violated the Montana Constitution and elevated form over substance by dismissing his prior appeal for failure to comply with the Montana Rules of Appellate Procedure.

¶4 Finally, Eldon contends his statutory power of attorney for Sarah entitles him to represent her in legal proceedings. The only document of record appearing to be a power of attorney—which is attached to the complaint—does not "substantially compl[y]" with § 72-31-201(1), MCA, as required for a statutory power of attorney. *See* § 72-31-201(2), MCA. Therefore, Eldon's reliance on authority concerning statutory powers of attorney is misplaced and we dismiss this appeal as it pertains to Sarah.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because most contentions raised are well outside the scope of the order from which the appeal is taken and all the legal issues are clearly controlled by settled Montana law that has not been incorrectly interpreted.

¶6 Affirmed.

¶7 IT IS ORDERED that remittitur shall issue forthwith.

/S/ KARLA M. GRAY
+

We concur:

3

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE